I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: July 12, 2011

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 12 2011

CENTRAL DISTRICT OF CALIFORNIA
BY shy            DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| JULIO HENRY TENA, | Case No. CV 11-05298 JFW (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. |  |
| DERRAL G. ADAMS, Warden, |  |
| Respondent. |  |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Julio Henry Tena ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises ten claims directed at Petitioner's September 28, 2005 conviction in the California Superior Court for Los Angeles County (case no. KA070878) of corporal injury to the mother of his child, and sentence enhancements, for which he was sentenced to 12 years in state prison. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

## II. DISCUSSION

### A.    Standard of Review

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B.    Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

///

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offense on September 28, 2005, and sentenced on March 7, 2006. On May 30, 2007, the California Court of Appeal reversed Petitioner's 12-year sentence (case no. B189667). However, the California Supreme Court granted review of that decision and transferred the case back to the state court of appeal for reconsideration of Petitioner's sentence in light of intervening law (case no. S153723). After reconsideration, the state court of appeal issued a published opinion on October 29, 2007, affirming the judgment. *See People v. Tena*, 156 Cal. App. 4th 598, 67 Cal. Rptr. 3d 412 (Cal. Ct. App. 2007). The California Supreme Court then denied review of the court of appeal's decision on January 3, 2008 (case no. S158276). (Pet. at 2-3[2]; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court.

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on April 2, 2008, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, April 3, 2008, and ended a year later on April 2, 2009. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Petitioner did not consecutively number the pages of the Petition and his attached pages as required by Local Rule 11-3.3. For sake of clarity, the Court cites the pages of the Petition and the attachments by referring to the electronic pagination furnished by the Court's official CM-ECF electronic document filing system.

his pending Petition until May 19, 2011 -- 777 days (more than 2 years) after the expiration of the limitations period.[3/] Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C.    Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing

---

[3/]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). The envelope containing the pending Petition was postmarked by the prison mail system on May 19, 2011, received by the clerk's office on May 23, 2011, and filed on June 24, 2011. (Pet. at 1.) However, for purposes of the timeliness analysis, and absent proof to the contrary, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition by delivering it to the prison mail system on May 19, 2011, the postmark date reflected on the envelope containing his Petition.

collateral review in the state courts, his first state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner filed three state habeas petitions. On May 13, 2009, he filed a habeas petition in the state superior court (case no. KA070878), which was denied the same day. (Pet. at 81; Attach. #4 at 139-41.)[4] Next, on May 26, 2009, he filed a habeas petition in the state court of appeal (case no. B216274), which was denied on July 8, 2010. (State court

---

[4] The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, Petitioner ostensibly signed and dated his first state habeas petition in the superior court on March 24, 2009, but it was not filed with the superior court until May 13, 2009. (Attach. #4 at 139.) In the Court's experience, it is not unusual for prisoners to sign and date their petitions well before they actually deliver them to the prison mail system for filing with the courts. Further, given the significant delay of 50 days between the date the petition was signed and the date it was filed by the superior court (Pet. at 81), the Court finds it is not plausible that Petitioner delivered the petition to prison authorities for mailing to the clerk on or about the day he signed and dated it. *Houston*, 487 U.S. at 270-71. **Accordingly, in order for Petitioner to receive the benefit of a constructive filing date prior to May 13, 2009 for his initial state habeas petition, his response to this Order must be accompanied by a declaration signed under penalty of perjury that states the date he delivered his initial state petition to the prison mail system, and a true, correct, and legible copy of the prison mail log proving he mailed his petition to the superior court on the date averred to in his declaration must be attached as an exhibit to his declaration.** *See* Habeas Rule 3(d). The Court will presume Petitioner cannot establish that he benefits from statutory tolling absent credible proof to the contrary.

records.) On August 16, 2010, Petitioner filed a habeas petition in the California Supreme Court (case no. S185522),[5] which was denied on May 11, 2011. (State court records.) However, because the first of the above petitions was not filed in the superior court until May 13, 2009, 41 days after the expiration of the limitations period on April 2, 2009, Petitioner is not entitled to statutory tolling for any of his state habeas petitions. *Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

The face of the Petition and relevant state court records establish Petitioner is not entitled to any statutory tolling of the limitations period.

**D.    Alternative Start of the Statute of Limitations**

**1.    State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

**2.    Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States

---

[5]    Petitioner did not attach a copy of his habeas petition in the California Supreme Court. Accordingly, this Court is unable to determine whether all ten claims in the Petition are exhausted. In the event Petitioner's response to this Order to Show Cause establishes the Petition is timely, the Court will require Petitioner to make a pre-service showing that all of his claims are exhausted in the time and manner directed by the Court.

Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

## E. Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary

circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner's filings do not show he is entitled to equitable tolling in this case.

## O R D E R

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **July 29, 2011**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///

Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.

Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.

IT IS SO ORDERED.

DATED: July 11, 2011

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE