FILED
CLERK, U.S. DISTRICT COURT
SEP 16 2011
CENTRAL DISTRICT OF CALIFORNIA
BY Shy DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JULIO HENRY TENA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　Respondent. | Case No. CV 11-05298 JFW (AN)<br><br>**ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Julio Henry Tena ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

## I. BACKGROUND

The pending Petition, filed by the clerk on June 24, 2011, raises ten claims directed at Petitioner's September 28, 2005 conviction in the California Superior Court for Los Angeles County (case no. KA070878) of corporal injury to the mother of his child, and sentence enhancements, for which he was sentenced to 12 years in state prison.

///

Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the face of the Petition and relevant state court records showed this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on July 12, 2011, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). (7/12/11 Order to Show Cause re Dismissal of Petition for Writ of Habeas Corpus by a Person in State Custody as Time-barred ("OSC"), dkt. 6.) The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action should not be dismissed as time-barred by filing a written response no later than July 29, 2011. (OSC at 4-9.)

Petitioner subsequently filed motions to extend his time to respond to the OSC, stating he needed more time to obtain copies of Prison Status Reports ("PSRs") from the prison that would allegedly show he was not allowed access to the prison law library from 2007 through 2010. (*See* Motions, dkt. 7-10.) Accordingly, the Magistrate Judge granted Petitioner's motion and extended his time to respond to the OSC. (8/2/11 Order (AN) (dkt. 11).) In response to Petitioner's request, the prison provided Petitioner with copies of four PSRs for the relevant period. Petitioner has attached the four PSRs as exhibits to his response to the OSC (dkt. 15), which he erroneously refers to as a "Notice: Response From CSP-Corcoran Official's Litigation Coordinator." The matter now stands submitted.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Petition is governed by the AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offense on September 28, 2005, and sentenced on March 7, 2006. On May 30, 2007, the California Court of Appeal reversed Petitioner's 12-year sentence (case no. B189667). However, the California Supreme Court granted review of that decision and transferred the case back to the

---

[1]     The court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

state court of appeal for reconsideration of Petitioner's sentence in light of intervening law (case no. S153723). After reconsideration, the state court of appeal issued a published opinion on October 29, 2007, affirming the judgment. *See People v. Tena*, 156 Cal. App. 4th 598, 67 Cal. Rptr. 3d 412 (Cal. Ct. App. 2007). The California Supreme Court then denied review of the court of appeal's decision on January 3, 2008 (case no. S158276). (Pet. at 2-3[2/]; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court.

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on April 2, 2008, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, April 3, 2008, and ended a year later on April 2, 2009. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until May 19, 2011 -- 777 days (more than 2 years) after the expiration of the limitations period.[3/] Accordingly, absent some basis for tolling or an

---

[2/] Petitioner did not consecutively number the pages of the Petition and his attached pages as required by Local Rule 11-3.3. For sake of clarity, the court cites the pages of the Petition and the attachments by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.

[3/] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). The envelope containing the pending Petition was postmarked by the prison mail system on May 19, 2011, received by the clerk's office on May 23, 2011, and filed on June 24, 2011. (Pet. at 1.) However, for purposes of the timeliness analysis, and absent proof to the contrary, the Court gives Petitioner the benefit of the doubt by assuming
(continued...)

alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his first state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed

---

[3]/ (...continued)
he constructively filed the Petition by delivering it to the prison mail system on May 19, 2011, the postmark date reflected on the envelope containing his Petition.

following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner filed three state habeas petitions. On May 13, 2009, he filed a habeas petition in the state superior court (case no. KA070878), which was denied the same day. (Pet. at 81; Attach. 4 at 139-41.)[4/] Next, on May 26, 2009, he filed a habeas petition in the state court of appeal (case no. B216274), which was denied on July 8, 2010. (State court records.) On August 16, 2010, Petitioner filed a habeas petition in the California Supreme Court (case no. S185522), which was denied on May 11, 2011. (State court records.) However, because the first of the above petitions was not filed in the superior court until May 13, 2009, 41 days after the expiration of the limitations period on April 2, 2009, Petitioner is not entitled to statutory tolling for any of his state habeas petitions. *Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

The face of the Petition and relevant state court records establish Petitioner is not entitled to any statutory tolling of the limitations period.

---

[4/] The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Court observes the first habeas petition reflects that Petitioner ostensibly signed and dated it on March 24, 2009 -- 50 days before it was filed with the superior court on May 13, 2009. (Attach. 4 at 139.) In the Court's experience, it is not unusual for prisoners to sign and date their petitions well before they actually deliver the petitions to prison authorities for filing with the courts and, once delivered, the prisons promptly mail the petitions to the courts for filing. In the Court's experience, 2-3 days typically pass between the constructive and actual filing dates. Under the circumstances, the Court finds Petitioner did not constructively file his first state habeas petition on the date he signed it because a 50 day delay is not plausible. Further, by way of the OSC, the Court notified Petitioner about this problem and explained how he could establish the true constructive filing date in his response to the OSC. However, Petitioner has failed to make the required showing despite having been given ample opportunity to do so. Consequently, the Court presumes Petitioner failed to do so because he cannot establish or show he constructively filed his first state habeas petition before the expiration of the limitations period.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

///

///

### E. Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must prove he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

By way of his Response, Petitioner contends he should be given equitable tolling from 2007 through 2010 because he ostensibly did not have access to the prison law library due to lockdowns during this entire time. (Resp. at 1-2.) In support of his contention, Petitioner proffers the four PSRs he obtained from the prison. Petitioner does not allege or show the prison failed to comply with his request for copies of all PSRs for the relevant period.

The Court finds Petitioner has not come close to making a prima facie case for equitable tolling.

First, Petitioner has failed to satisfy the first *Pace* prong by showing he was pursuing his rights diligently *throughout the critical period. Mendoza*, 449 F.3d at 1070. As discussed above, the statute of limitations in this case ran from April 3, 2008 to April 2, 2009. The four PSR's attached to the Response reflect a modified security protocol was in effect on May 8, 2007, and a different modified program was imposed on August, 14, 2009, and ran through May 5, 2011. (Resp. Attach. 1-3.) But neither Petitioner's specific allegations nor the PSRs show the modified security protocol was in effect *while the statute of limitations was running*, and the only continuous modified program occurred about four months after the statute of limitations expired.[5] Also, despite his vague, unsupported allegation that he made requests to use the law library that were not honored (Resp. at 1), Petitioner has not alleged or shown when he made these requests, what materials he requested and needed in order to prepare his petition, how these requests were made, who the request were directed to, and whether any of his request were denied and the reasons why his purported requests were denied. Further, even if he was unable to access the prison library, Petitioner has not alleged or shown that he diligently pursued his rights by requesting copies of

---

[5] The May 8, 2007 PSR does not indicate how long that modified program was in effect. (Resp. Attach. 2.) However, as discussed above, Petitioner's conviction was not even final until April 2, 2008, and Petitioner has proffered nothing to show the May 2007 modified program was still in effect nearly a year later.

pertinent legal materials brought to his cell, when those requests were made, and whether those requests were also denied. *See Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition.").

Second, Petitioner has failed to satisfy *Pace*'s second prong by failing to show an extraordinary circumstance made a timely filing impossible. *Pace*, 544 U.S. at 418; *Ramirez*, 571 F.3d at 997. Contrary to Petitioner's apparent belief, "lockdowns are not an extraordinary circumstance in prison that would justify or excuse petitioner's delay." *Sanchez-Gonzalez v. McDonald*, No. CV 11-0637 KJN, 2011 WL 3568280, at *4 (E.D. Cal. Aug. 15, 2011); *see also Robinson v. Marshall*, No. CV 07-1606 GHK (JWJ), 2008 WL 2156745, at *3 (C.D. Cal. May 18, 2008) ("Lockdowns . . . and resulting restricted access to the prison law library are not, by themselves, extraordinary circumstances for prisoners."). Here, even if Petitioner had demonstrated that a modified program was in effect while the AEDPA limitations period was running, he has still not alleged nor shown how it prevented him from filing a timely petition. For instance, Petitioner has not explained why he needed access to the prison law library to file his petition; nor has he identified what specific materials he was unable to obtain. Indeed, in his Response, he does not even allege he was deprived of any materials necessary to completing and filing his Petition. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) ("a more fact-specific inquiry" is required to establish equitable tolling based on lack of access to library material). In fact, Petitioner has not even shown his library access was actually denied or limited when security was heightened.

Moreover, the PSRs reflect that, during all of the modified security programs, the prison law library remained available for inmates with "approved court deadlines." (Resp. Attach. 1-3.); *see Montesinos v. California*, No. CV 11-4542 DSF (AGR), 2011

WL 3861618, at *2 (C.D. Cal. July 26, 2011) ("[U]nder a modified program, inmates with court deadlines are permitted access to the law library."). Petitioner has not alleged or shown that he requested and was denied access during the times the modified security programs were in effect. By failing to do so, Petitioner has failed to establish an extraordinary circumstance made a timely filing impossible. *Pace*, 544 U.S. at 418; *Ramirez*, 571 F.3d at 997.

In sum, Petitioner's vague and conclusory allegations regarding prison lockdowns and the PSRs fail to satisfy either of the *Pace* factors. Accordingly, the Court finds Petitioner has not established he is entitled to equitable tolling despite having the opportunity to do so.

## O R D E R

Based upon the foregoing, the Court finds the Petition is time-barred. Further, by way of the OSC, the Court finds Petitioner has received notice and an adequate opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The clerk is directed to enter judgment dismissing this action with prejudice and notifying Petitioner of said judgment. Any and all pending motions are terminated.

DATED: September 16, 2011

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge